[Sac. No. 1131.   Department Two.—December 24, 1903.]

# WILLIAM CALLAWAY, Respondent, v. E. C. WILSON, Appellant.

PRINCIPAL AND AGENT—FRAUD OF AGENT IN PURCHASE OF LAND—ACTION BY PRINCIPAL FOR DIFFERENCE IN PRICE—EVIDENCE—NONSUIT.—In an action to recover from the defendant, as plaintiff's agent in the purchase of real estate, the difference between the price paid to the agent for the purchaser, which defendant represented to plaintiff the property would cost, and a less amount paid by defendant to the purchaser for a deed taken in defendant's name, the property having been conveyed by defendant to the plaintiff at the falsely represented price, where the evidence tended to show that defendant was acting as plaintiff's agent, and was chargeable with fraud in the transaction, a motion for a nonsuit was properly denied.

ID.—PRELIMINARY QUESTION AS TO LETTER—PREJUDICIAL ERROR NOT SHOWN.—Where the defendant was merely asked a preliminary question as to whether he could state the contents of a letter written by him, of which he had no copy, which could be answered by "Yes" or "No," and was not asked to state the contents of the letter, and no offer was made to show what its contents were, it does not appear that any prejudicial error was committed in sustaining an objection to the preliminary question.

APPEAL from a judgment of the Superior Court of Butte County and from an order denying a new trial.  H. M. Albery, Judge presiding.

The facts are stated in the opinion.

Jo D. Sproul, for Appellant.

Carleton Gray, for Respondent.

CHIPMAN, C.—Action to recover from defendant, as plaintiff's agent in the purchase of certain real estate, the difference between the price which defendant represented to plaintiff the property would cost,—namely, $1,850,—and the price which defendant paid to make the purchase,—namely, $1,520,—the difference being $330.   The cause was tried by the court without a jury and plaintiff had judgment, from which and from the order denying his motion for a new trial defendant appeals.

The following facts are found by the court: That on May 13, 1901, defendant agreed with plaintiff to procure a thirty days' option to purchase certain land for the sum of $1,850, receiving from plaintiff at the same time fifty dollars to be paid in securing said option, and to be applied on account of the purchase price if plaintiff elected to purchase; that at the time of entering into said agreement defendant represented to plaintiff that the owner of the land would not take less than $1,850 for the same; that defendant immediately thereafter went to San Francisco and there secured an option to purchase said land from the owner for $1,520, and paid to the owner said fifty dollars and took the option in his own name, and thereafter informed plaintiff that he had secured the option on said land for the sum of $1,850, whereas in fact he had secured said option for $1,520, and by its terms was to pay the owner $1,470 in addition to said fifty dollars; that relying on the statement made to him by defendant, the plaintiff then gave defendant the additional sum of $1,800 and instructed him to purchase the land for plaintiff; that defendant did not show said option to plaintiff, and thereafter defendant paid to the owner $1,470 and secured in his own name a conveyance of said land, and immediately thereafter, —to wit, June 3, 1901,—conveyed said land to plaintiff; that defendant at no time informed plaintiff that he had secured said option for any sum less than $1,850, and at the time plaintiff gave defendant the additional $1,800, as above found, plaintiff believed that said sum, together with the fifty dollars given defendant as above stated, was the true purchase price of said land which he, through defendant, was to pay to the owner; that defendant at all the times mentioned was acting for and on behalf of plaintiff, and was at no time during said transaction acting for the owner of said land, and that plaintiff and defendant were not at any time dealing with each other concerning said land. As conclusions of law, the court found that defendant was the agent of plaintiff, and that it was defendant's duty to purchase said land for plaintiff at the lowest possible price; that defendant was not the agent of the owner; that plaintiff is entitled to the difference between the amount defendant paid for the land and the amount received from plaintiff therefor; that the

fact that defendant took the deed in his own name and after-
wards conveyed the land to plaintiff did not change the
relationship of principal and agent then existing between
plaintiff and defendant into that of vendor and vendee. Judg-
ment thereupon passed in favor of plaintiff for $330, with
legal interest from June 3, 1901.

Appellant makes but two points: 1. That his motion for a
nonsuit should have been granted; and 2. That the court erred
in refusing to permit defendant to testify as to the contents
of a certain letter claimed to have been written by him to the
owner of the land.

The ground urged in support of the motion for nonsuit is,
that the evidence fails to show that defendant was acting as
plaintiff's agent, and hence cannot be charged with fraud in
the transaction. This view, it is urged, will appear from a
careful reading of the evidence. We have given the record
such an examination, and are satisfied that there was suffi-
cient evidence to justify the court in denying the motion.

Defendant was called as a witness for plaintiff, and in the
course of his examination identified a letter (which was in-
troduced in evidence by plaintiff) received by defendant from
the owner of the land, setting forth the terms on which the
owner would give an option to purchase. This letter was in
reply to one addressed to the owner by defendant. Subse-
quently, when defendant was testifying in his own behalf,
the following proceedings occurred:—

"Q. Have you a copy of the letter you wrote to the French
bank (the owner of the land) to which you received the
reply introduced in evidence?

"A. No sir; I have no copy of the letter.

"Q. Can you state in general terms its contents?

"*Mr. Gray* (plaintiff's attorney).—Objection that it is
immaterial, irrelevant, and incompetent.

"*The Court.*—Objection sustained.

"*Mr. Sproul* (defendant's attorney).—Exception."

The witness was not asked to state the contents of the letter,
but only whether he could do so. He might have answered
"Yes" or "No" without prejudice to plaintiff or defendant,
and should have been allowed to go that far. Had defendant's
counsel shown what the proposed evidence was, we could

then determine its relevancy or competency and whether its exclusion was injurious. As the record stands, we have nothing before us on which to rule.

It is advised that the judgment and order be affirmed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Henshaw, J., Lorigan, J.